UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA,**

    **Plaintiff,**                                              Case No. 11-CR-193

    v.

**TYRONE McMILLIAN,**

    **Defendant.**

---

### ORDER ON DEFENDANT'S REQUEST FOR *FRANKS* HEARING

---

On September 7, 2011, a grand jury in this district returned a three-count indictment charging Tyrone McMillian, ("McMillian") with sex trafficking of a child in violation of 18 U.S.C. §1951. (Docket #6.)

On October 21, 2011, McMillian filed a Motion To Quash a search warrant issued in Milwaukee County Circuit Court on the basis that the warrant was not properly issued. McMillian also argues that the affidavit submitted in support of the search warrant failed to establish probable cause, and contained false information which was intentionally made or made with reckless disregard for the truth, contrary to *Franks v. Deleware*, 438 U.S. 154 (1978) (Docket #28.) In this motion, McMillian requests an evidentiary hearing, commonly referred to as a *Franks* hearing. The government opposes McMillian's request for a *Franks* hearing.

Prior to a court granting a defendant's request for a *Franks* hearing, the defendant must make a "substantial preliminary showing" that (1) the affidavit contained erroneous information; (2) the affiant made the false statement either knowingly and intentionally or with reckless disregard for the truth; and (3) without the false statement, the remainder of the

affidavit is insufficient to establish probable cause. *United States v. McNeese*, 901 F.2d 585, 593-94 (7th Cir. 1990) (citing *Franks v. Deleware*, 438 U.S. 154, 155-56(1978)).

In support of the first of the three *Franks* requirements, falsity, McMillian cites to three inaccuracies in the affidavit. First, the affidavit states that McMillian was arrested pursuant to an arrest warrant when he was in fact arrested pursuant to a "suspect card." Second, the affidavit states that the officers arrested McMillian in the residence, whereas he was arrested in the threshold of the residence. Third, the affidavit states that the officers found an AK-47 rifle in the protective sweep. Instead, they had only observed a case for a rifle. The government does not contest these errors but argues that they are "minor, insignificant, innocent, and in no way affect the probable cause showing in the entirety of the search warrant affidavit." (Docket #30.) With the falsity requirement not contested, the court proceeds to the next step of the *Franks* analysis.

As to the second of the *Franks* requirements, a defendant's demonstration that an affidavit contains inaccurate information is insufficient. Rather, the defendant must also demonstrate that the affiant knew, or should have known, that the statement was false. In this regard, the focus is on the state of mind of the affiant. *United States v. Jones*, 208 F.3d 603, 607 (7th Cir. 2000). The defendant must offer direct evidence of the affiant's state of mind or inferential evidence to prove deliberate falsehood or reckless disregard. *United States v. Whitley*, 249 F.3d 614, 621 (7th Cir. 2001) (citing *United States v. Williams*, 737 F.2d 594 (7th Cir. 1984)) (internal quotation marks omitted). This is a difficult burden for a defendant to meet. *See United States v. Swanson*, 210 F.3d 788, 789-90 (7th Cir. 2000). As to this element, McMillian cites no evidence as to the affiant's state of mind, but merely states that there were material false

statements either made intentionally or with reckless disregard for the truth. Conclusory statements do not constitute a substantial preliminary showing. *United States v. Taylor*, 154 F.3d 675, 680 (7th Cir. 1998). If anything, McMillan is neutral as to the affiant's state of mind. McMillan "assumes that based upon the documents that have been prepared in this matter that this information was relayed to Detective Gomez and he used this information in his affidavit to support the search warrant." (Docket #28 at 9.) But, McMillian is silent as to whether Detective Gomez knew or should have known that the information being relayed to him was false.

Additionally, McMillian does not make a substantial preliminary showing that the officers who were passing the information to Detective Gomez knew or should have known that the information being relayed was false. The state of mind not only of the affiant, but also of the officers from whom the affiant received false information incorporated into the affidavit, is also at issue. *See United States v. Pritchard*, 745 F.2d 1112, 1118 (7th Cir. 1984); *United States v. McAllister*, 18 F.3d 1412, 1417 (7th Cir. 1994). Thus, he fails to make a substantial preliminary showing on the second of the *Franks* requirements.

Accordingly, the court need not reach the final *Franks* hearing element, which requires McMillian to demonstrate that the false statements were material to probable cause. Importantly, the government has conceded that two of the inaccuracies of which McMillian complains (that McMillian was arrested pursuant to a warrant and that an AK-47 was observed) should be excised. The court will analyze probable cause in detail with those excisions when it addresses the facial sufficiency of the warrant, which McMillian also challenges. The court will also address McMillian's argument that the warrant was improperly issued separately. At

3

this time it is sufficient to say that McMillian has not met the substantial preliminary showing that is required for a *Franks* hearing. Specifically, he has fallen short of the second requirement which requires him to make a preliminary showing that the affiant made false statements intentionally or in reckless disregard of the truth. His request for a *Franks* hearing is therefore denied.

**IT IS THEREFORE ORDERED** that McMillan's request for a *Franks* hearing is **denied**.

Dated at Milwaukee, Wisconsin this 23rd day of November, 2011.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge